| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>Telephone: (720) 865-8301 | **EFILED Document**<br>**CO Denver County District Court 2nd JD**<br>**Filing Date: Aug 21 2008 10:40PM MDT**<br>**Filing ID: 21183443**<br>**Review Clerk: Sean McGowan** |
| PLAINTIFFS: JAMES SUH and HWANA SUH, individually and as natural parents of decedent Nathan Suh<br><br>DEFENDANTS: MICHAEL J. PANZARELLA and NEREID, INC., a Georgia Corporation | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiffs:*<br>Bradley A. Levin, No. 13095<br>Jeremy A. Sitcoff, No. 29393<br>ROBERTS LEVIN ROSENBERG PC<br>1660 Wynkoop, Suite 800<br>Denver, CO 80202<br>Telephone: (303) 575-9390<br>Facsimile: (303) 575-9385<br>E-Mail: bal@robertslevin.com; jas@robertslevin.com | Case No.:<br>Courtroom: |

**COMPLAINT AND JURY DEMAND**

Plaintiffs, James Suh and Hwana Suh, individually and as natural parents of decedent Nathan Suh, by and through their attorneys, ROBERTS LEVIN ROSENBERG PC, for their Complaint against Defendants Michael J. Panzarella and Nereid, Inc., state and allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs James Suh and Hwana Suh (the "Suhs") are and were at all relevant times, residents of the State of Colorado.

2. The Suhs were the natural parents of the decedent, Nathan Suh.

3. Upon information and belief, Defendant Michael J. Panzarella ("Panzarella") is a resident of the State of Arizona.

4. Upon information and belief, Defendant Nereid, Inc. ("Nereid") is a Georgia corporation with its principal place of business in Livermore, California.

5.      This Court has jurisdiction over the subject matter of this action.

6.      Pursuant to C.R.C.P. 98(c) venue is proper in this county, as the tortious conduct alleged below was committed in this county, and it is the place which Plaintiffs designate as the place of trial of this action.

## GENERAL ALLEGATIONS

7.      On August 22, 2006, the Suhs and their infant son Nathan, who was nineteen months old at time, and who was secured in the back seat of their car in an infant car seat, were driving southbound on Interstate 25 ("I-25").  At the time, Hwana Suh was eight months pregnant.

8.      As the Suhs were driving southbound on I-25, they could see that a construction zone had been set up and that traffic was being funneled from four lanes down to two lanes.  As the Suhs entered the construction zone, their vehicle came to a complete stop, as did the car in front of them.

9.      Suddenly and without any warning, a Jeep Liberty SUV driven by Panzarella, which was being operated carelessly, recklessly, and at a high rate of speed, failed to come to a complete stop in the construction zone and slammed into the back of the Suhs' car, pushing it forward into the vehicle in front of them.

10.     Following the impact, James Suh was able to observe that Nathan was unconscious and that he had been severely injured, though he did not immediately know to what extent.

11.     James and Hwana tried to get out of the vehicle but the doors had been jammed shut from the impact.  In fact, their car was severely crushed in the front and back.  Emergency personnel soon arrived and immediately began trying to extract Nathan through the back window of the Suhs' vehicle.

12.     Nathan was bleeding so severely that paramedics were unable to intubate him. All the while, the Suhs panicked because they remained trapped and helpless in their car.  The Suhs feared for their own safety, they feared for the safety of the unborn child inside Hwana, and they feared for Nathan.

13.     After he was extracted from the wreckage, Nathan was transported by ambulance to Swedish Medical Center ("SMC").  Soon thereafter, the Suhs were taken out of the vehicle and were also transported by a separate ambulance to SMC.

14.     After arriving at SMC, the trauma team observed that Nathan had sustained massive head and facial injuries.  Doctors attempted various techniques to save Nathan's life.  In a separate room, a different team of doctors treated James and Hwana for their physical injuries. James and Hwana wanted to see their son but SMC medical staff would not let them.  After a while, a doctor informed James and Hwana that Nathan was not going to survive.  In silence,

doctors led James and Hwana to the bedside of their son. James and Hwana looked upon and held the hand of their only son as he struggled to live and then died.

15. As a direct and proximate result of the accident with Panzarella, Nathan Suh was killed and the Suhs sustained personal injuries, physical and emotional pain and suffering, inconvenience, loss of enjoyment of life, medical, hospital, and therapy expenses, funeral and burial expenses, property damage, as well as other economic and non-economic losses arising from the accident.

16. At the time of the accident, Panzarella was an employee of Nereid acting within the course and scope of his employment with Nereid.

## FIRST CLAIM FOR RELIEF
(Negligence Against Defendant Panzarella)

17. The Suhs reallege each and every allegation of their Complaint as if fully set forth herein.

18. Panzarella owed the Suhs duties of reasonable care in the operation of his vehicle.

19. By his actions described above, Panzarella breached his duties owed to the Suhs.

20. As a result of Panzarella's actions, as described above, the Suhs are entitled to damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
(Negligent Infliction of Emotional Distress Against Defendant Panzarella)

21. The Suhs reallege each and every allegation of their Complaint as if fully set forth herein.

22. By his actions described above, Panzarella was negligent.

23. Panzarella's negligence created an unreasonable risk of physical harm to the Suhs, who were in the zone of danger at the time of the accident.

24. Panzarella's negligence caused the Suhs to be put in fear for their own safety and such fear was shown by physical consequences or long-continued emotional disturbance.

25. As a result of Panzarella's actions, the Suhs have suffered damages in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
(Negligence *Per Se* Against Defendant Panzarella)

26.     The Suhs reallege each and every allegation of their Complaint as if fully set forth herein.

27.     At all relevant times, the State of Colorado had in full force and effect the Uniform Safety Code of 1935, C.R.S. § 42-4-101, *et seq.*

28.     Upon information and belief, Panzarella's conduct violated certain provisions of the Uniform Safety Code of 1935, including C.R.S. § 42-4-1401, and therefore Panzarella was negligent *per se.*

29.     The provisions of the Uniform Safety Code of 1935 were designed to protect drivers and passengers from the dangers associated, *inter alia,* with careless and reckless driving.

30.     The Suhs are among the class of persons intended to be protected under the statute.

31.     The harm suffered by the Suhs is the type that intended to be prevented by the statute.

32.     As a result of Panzarella's actions, the Suhs have suffered damages in an amount to be proved at trial.

### FOURTH CLAIM FOR RELIEF
(Wrongful Death Against All Defendants)

33.     The Suhs reallege each and every allegation of their Complaint as if fully set forth herein.

34.     Panzarella negligently operated his vehicle on August 22, 2006, causing a collision with the Suhs' vehicle.

35.     Panzarella was an agent or employee of Nereid at the time of the accident and was acting in the course and scope of his employment.

36.     Nathan Suh was killed as a direct and proximate result of Panzarella's negligence, for which Nereid is responsible.

37.     Defendants' actions have caused the Suhs to suffer injuries, damages, and losses, including, but not limited to, the wrongful death of their son, Nathan Suh, the loss of care, comfort, support, and companionship of their son and, net pecuniary loss due to their son's death, as well as burial and funeral expenses.

## FIFTH CLAIM FOR RELIEF
(*Respondeat Superior* Against Defendant Nereid)

38.     The Suhs reallege each and every allegation of their Complaint as if fully set forth herein.

39.     Panzarella breached the duty of care owed to the Suhs associated with his operation of his vehicle, as described above.

40.     Panzarella was working and acting within the course and scope of his employment with Nereid at the time of the accident on August 22, 2006.

41.     Nereid is liable for the negligent act of its employees, including Panzarella, while its employees are acting within the course and scope of their employment under principles of *respondeat superior*.

42.     As a direct and proximate result of the negligence of Nereid's agent or employee, the Suhs have suffered damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, James Suh and Hwana Suh pray for judgment in their favor and against Defendants Michael J. Panzarella and Nereid, Inc. as follows:

   a.  For compensatory damages in an amount to be proved at trial;

   b.  For all interest, statutory and moratory, permitted by law;

   c.  For attorney's fees and costs herein; and

   d.  For such other and further relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS TRIABLE TO A JURY**

Dated this 21st day of August, 2008.

    Respectfully submitted,

    *s/Jeremy A. Sitcoff*
    Bradley A. Levin
    Jeremy A. Sitcoff

    **ATTORNEYS FOR PLAINTIFFS**

<u>Plaintiffs' Address:</u>
3788 S Dayton St
Aurora, CO 80014